UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

TOSHA J. DAVIS                          CIVIL ACTION 3-04-1246

VERSUS

COMMISSIONER OF SOCIAL
 SECURITY                          U.S. MAGISTRATE JUDGE JAMES D. KIRK

RULING ON ATTORNEY FEES

The Report and Recommendation issued June 17, 2005, Doc. # 17,  is VACATED AND

RECALLED as having been issued in error.

In this case, plaintiff asks the court for an award of attorney's fees under the Equal Access

to Justice Act, 28 U.S.C. 2412(d), hereinafter "EAJA" [Doc. # 13].  The government's position

in this case was not substantially justified and the government has advised the court it has  no

objection to the award of attorney fees sought by plaintiff.

The EAJA provides in relevant part that the amount of fees awarded "shall be based upon

prevailing market rates for the kind and quality of the services furnished, except that . . . attorney

fees shall not be awarded in excess of $125.00 per hour unless the court determines that an

increase in the cost of living . . . justifies a higher fee." §2412(d)(A)(ii).  Plaintiff asks the court

to award a rate of $125 per hour.. She attests that 30.4 hours were reasonably spent as attorney.

The $125.00 rate can certainly be exceeded if the court determines that a higher fee is

justified by inflation.  However, "a district court, in its discretion, may determine that a fee below

the established ceiling is a reasonable attorney's fee award based on the facts of a particular

case." Hall v. Shalala, 50 F.3d 367, 370 (5th Cir. 1995). In other words, the court is not required to use the maximum inflation adjusted rate or even to award the statutory rate. The rate to be applied is to be based upon prevailing market rates subject to a statutory cap; the cap is not the baseline.

Some courts have ordered that the full inflation-adjusted fee be awarded in all cases. See Sandoval v. Apfel, 86 F.Supp.2d 601, 614 (N.D. Tex. 2000). Others have ordered that the $125.00 amount is the norm. Hasni v. Reyno, 2001 WL 128310 (E.D. La. 2001). This court has no general order in place on the issue, but the judges in this district have awarded $125.00 per hour without enhancement for inflation with few exceptions, finding that, in the relevant legal communities, $125.00 per hour is a reasonable fee.

I find that, in this case in the relevant legal community, a fee of $125.00 per hour is a reasonable attorney fee and serves the goals of the EAJA by helping to ensure an adequate source of representation in social security appeals and minimizing the cost of that representation to the taxpayers. See Hall, 50 F.3d at 369. The award also serves to maintain consistency among the judges in this district. See this court's ruling in Money v. Barnhart, #1-1252, WDLA, Monroe Division, August 15, 2003.

Conclusion

For the foregoing reasons, attorney's fees in the amount of $3,800.00 and costs in the amount of $77.75 are awarded and are ORDERED PAID.

E-SIGNED in chambers, in Alexandria, Louisiana, on this the 8th day of July 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE